UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JACQUELINE CAMILLE SEDWICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:23-cv-01544-RLY-MG |
| ) | |
| DENIS MCDONOUGH Secretary of U.S. ) | |
| Department of Veterans Affairs, ) | |
| ) | |
| Defendant. ) | |

# ORDER

Pending before the Court is Plaintiff's Motion for Protective Order and Protective Action, [Filing No. 34], and two Motions to Compel, [Filing No. 35; Filing No. 41]. The Court will address each in turn.

### A.    Motion for Protective Order and Protective Action, [Filing No. 34]

Plaintiff requests this Court issue a protective order allowing her to designate all exhibits produced in discovery as confidential and a protective action restraining Defendant from engaging in retaliatory conduct against her. She has since filed two declarations in support of her motion. [*See* Filing No. 39; Filing No. 48.] Defendant has responded to both her motion, and declaration. [*See* Filing No. 38; Filing No. 45.] Plaintiff's Motion for Protective Order and Protective Action, [34], is **GRANTED in part and DENIED in part** for the reasons outlined below.

### 1.    Protective Order

Defendant argues that this Court has already entered a protective order in this case, which provides a method for designating deposition exhibits as confidential. The Court agrees with Defendants. A protective order has been issued in this case, [*see* Filing No. 30], which governs designation of confidential exhibits and documents. However, if she has not done so already, the

Court will allow Plaintiff to belatedly designate these exhibits in question as confidential, following the steps outlined in the Protective Order.

    2.    **Protective Action**

Next, Plaintiff has clarified that she seeks a preliminary injunction to stop the Department of Veteran Affairs ("VA") from investigating a potential patient privacy beach after she tendered two exhibits at a deposition, detailing a patient's mental health record. Plaintiff claims that there is not personally identifiably health information on the document, and she was provided this document by Defendant's counsel. A privacy investigation by the VA related to this matter has occurred, wherein Plaintiff was interviewed about the exhibits, but she fears Defendant may continue to issue further complaints against her.

"To obtain a preliminary injunction, a plaintiff must show that: (1) without this relief, it will suffer 'irreparable harm'; (2) 'traditional legal remedies would be inadequate'; and (3) it has some likelihood of prevailing on the merits of its claims." *Speech First, Inc. v. Killeen*, 968 F.3d 628, 637 (7th Cir. 2020) (quoting *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1068 (7th Cir. 2018)). If a plaintiff makes such a showing, the court proceeds to a balancing analysis, where the court must weigh the harm the denial of the preliminary injunction would cause the plaintiff against the harm to the defendant if the court were to grant it. *Courthouse News Serv.*, 908 F.3d at 1068. This balancing process involves a "sliding scale" approach: the more likely the plaintiff is to win on the merits, the less the balance of harms needs to weigh in his favor, and vice versa. *Ty, Inc. v. Jones Grp., Inc.*, 237 F.3d 891, 895 (7th Cir. 2001).

An injunction is "a drastic and extraordinary remedy, which should not be granted as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010); *see also Winter v. NRDC*, 555 U.S. 7, 22, 24 (2008) (requiring a "clear showing that the plaintiff is entitled

to such relief"). In *Winter*, the Supreme Court set out a four-factor test to determine whether a preliminary injunction is appropriate. The plaintiff must establish that: (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20; *Michigan v. U.S. Army Corps of Eng'rs*, 667 F.3d 765 (7th Cir. 2011). Only if the moving party meets her burden of showing a likelihood of success on the merits and an imminent risk of irreparable harm does the Court engage in further analysis. *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006).

In support of her injunctive request, Plaintiff details the following arguments: (1) by initiating privacy investigations into her proffered evidence, Defendant is attempting to intimidate her and dissuade her from pursuing her case; (2) Defendant's actions have created a hostile and intimidating environment causing her emotional distress and impairing her ability to litigate; (3) the balance of equities favors granting Plaintiff's injunction as Defendant's actions reflect bad faith and misuse of authority; and (4) protecting her from Defendant's abuse of authority and retaliatory conduct is a critical public interest.

Defendant argues Plaintiff cannot satisfy any elements for injunctive relief: (1) Plaintiff cannot show that the VA does not have a legitimate reason to investigate a potential patient privacy breach; (2) the VA is entitled to investigate how the record was initially accessed and removed from the VA systems even if the document is subject to a protective order; (3) she cannot demonstrate participating in a privacy investigation caused her irreparable harm by; and (4) the balance of hardships and public interest favor the VA as it is legally obligated to ensure the privacy and confidentiality of patient medical records. [Filing No. 45.]

Here, the Court finds Plaintiff has not met her burden in showing she is likely to succeed on the merits. Maintenance of patient privacy records is highly regulated, *see e.g.*, 42 U.S.C. § 1320d-6(a)(2) ("HIPPA"). As such, the VA, who maintains patient health information, has a legitimate reason to bring an investigation after a privacy complaint has been lodged. Even though Plaintiff claims the document was provided to her by Defendant, it is the VA's obligation to investigate these possible patient privacy breaches.

Furthermore, while she claims that she has suffered emotional distress from not knowing who lodged the complaint against her, having to participate in the investigation itself, and the fear of future investigations or retaliation, she has not demonstrated irreparable harm. First, Title VII prohibits retaliation against federal employees based on protected activity. *See* 42 U.S.C.A. § 2000e-16. While the Court has no reason to believe retaliation has already occurred, Title VII is intended to protect Plaintiff from the conduct she fears or provide a vehicle for recourse if retaliation does occur. Second, Plaintiff has not alleged she has been harmed in any way other than the stress of having to participate in this investigation and not initially knowing who lodged the complaint. An injury is *irreparable* for purposes of granting preliminary injunctive relief only if it cannot be remedied through a monetary award after trial. *See Graham v. Med. Mut. of Ohio,* 130 F.3d 293, 296 (7th Cir.1997). Moreover, speculative injuries do not justify this extraordinary remedy. *See, e.g., Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.,* 60 F.3d 27, 37 (2d Cir.1995); *Pub. Serv. Co. of N.H. v. Town of W. Newbury,* 835 F.2d 380, 383 (1st Cir.1987); *Goldie's Bookstore, Inc. v. Superior Court,* 739 F.2d 466, 472 (9th Cir.1984). Even "a permanent loss of employment, standing alone, does not equate to irreparable harm." *See E. St. Louis Laborers' Loc. 100 v. Bellon Wrecking & Salvage Co.,* 414 F.3d 700, 704-05 (7th Cir. 2005). The harm Plaintiff points to however, is partially speculative and eludes calculation, but not

because if it occurred it could not be quantified. As stated above, a plaintiff cannot obtain a preliminary injunction by speculating about hypothetical future injuries. *Tom Doherty Assocs.,* 60 F.3d at 37. In sum, Plaintiff has failed as a matter of law to demonstrate that she will suffer irreparable harm in the absence of a preliminary injunction.

  **B.** **Motions to Compel, [Filing No. 35; Filing No. 41.]**

Plaintiff has filed two motions to compel Defendant to provide responses to her first and second set of discovery requests. Defendant filed responses to both motions, indicating that Plaintiff failed to comply with S.D. Ind. L.R. 37-1, requiring the parties to contact the chambers of the assigned Magistrate Judge to determine whether he is available for a discovery conference prior to the party filing a formal discovery motion. [*See* Filing No. 38; Filing No. 46.]

The Court conducted a telephonic status conference on January 9, 2025, in which the parties were ordered to meet and confer on the outstanding discovery dispute. As such, Plaintiff's Motions to Compel, [35 and 41], are **DENIED without prejudice.** The parties should continue to follow the directions outlined in the Court's Minute Order, [Filing No. 49; Filing No. 50], and provide the Court with an update on what, if any, outstanding discovery disputes remain within 21 days of the meet and confer, by emailing chambers. Defendant directed to email chambers (with copy to Plaintiff) at MJGarcia@insd.uscourts.gov.

Date: 2/28/2025

                      _____
                      Mario Garcia
                      United States Magistrate Judge
                      Southern District of Indiana

**Distribution**

JACQUELINE CAMILLE SEDWICK
1107 South Brook Street
Louisville, KY 40203


Rachana Nagin Fischer
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
rachana.fischer@usdoj.gov